## MINER v. GARDINER.

*Reference — what is not long account authorizing compulsory. Practice — inspection of books.*

Plaintiff claimed a balance due from defendant for services as book-keeper, also a specific sum for services in procuring a contract. Defendant denied the claim for procuring the contract, and that there was the amount claimed due for services as book-keeper, and averred fraudulent entries in defendant's books by plaintiff of transactions between defendant and a firm of which plaintiff was a member. *Held,* not involving a long account so as to authorize a compulsory reference.

An order granting an inspection of books to enable plaintiff to procure expert testimony as to the value of his services in keeping such books : *held* erroneous.

APPEAL by defendant from an order at special term granting a motion by plaintiff for a discovery, and also from an order denying a motion by defendant for a reference.

The action was brought by Theodore Miner against Thomas Gardiner, Jr., to recover for services as book-keeper, and for services in procuring for defendant a contract to build a hospital, for which it was alleged defendant promised to pay $500. Sufficient facts in relation to the points passed upon appear in the opinion.

*Roe & Macklin,* for appellant, as to the power of the court to order a reference, cited *Welsh* v. *Darragh,* 52 N. Y. 590 ; *Williams* v. *Allen,* 4 N. Y. Sup. 673; *Batchellor* v. *Albany Ins. Co.,* 37 How. 417.

*William Dudley Foulke,* for respondent, in respect to the question of the inspection of the books, cited *Lefferts* v. *Brampton,* 24 How. 257 ; *Case* v. *Banta,* 9 Bosw. 595.

Present — BARNARD, P. J., and GILBERT, J.

BARNARD, P. J. There is nothing in the papers showing that the trial of this action will require the examination of a long account. The complaint is for work and labor as book-keeper, and for services in procuring a contract.

The complaint alleges a balance on each of the causes of action set forth in it, and a promise by defendants to pay the same. The answer denies entirely the claim for procuring the contract, and denies the claim for services as book-keeper to the amount claimed. The answer also avers fraudulent entries made by plaintiff in defendant's books of the dealings between defendant and the firm of Miner & Rodner, of which plaintiff was one of the members, and demands damages therefor. The motion for reference was properly denied.

The order granting inspection of defendant's books was applied for on these grounds : 1st. To procure expert testimony of the value of plaintiff's services as book-keeper. 2d. To ascertain what advances had been made by defendant to plaintiff. 3d. To know the exact amount and dates of the vouchers and checks that passed between plaintiff and defendant, so as to compare them with plaintiff's books. The court granted the inspection upon the first ground.

I can find no case where an inspection of books was ordered to enable a party to have experts testify from the appearance of the books themselves as to the value of the services of the book-keeper in making the entries. The ordinary and easy way is to prove the services and the time occupied in performing the same, and then prove its value.

The order denying reference should be affirmed, with costs, and the order granting inspection of books should be reversed, and the motion therefor denied, with $10 costs.

*Ordered accordingly.*